IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WADE KENNETH MALLETT, | | |
| | Plaintiff, | No. CIV S-09-2309 DAD P |
| vs. | | |
| R.P. ROMAN, et al., | | ORDER AND |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

     Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted an in forma pauperis application, and on October 1, 2009, plaintiff provided a copy of his certified trust account statement and certificate which was completed by an authorized officer at Folsom State Prison. The application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $0.31 will be assessed by this

1

order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. Plaintiff's Amended Complaint

In his amended complaint, filed on November 13, 2009, plaintiff asserts that on May 11, 2008, following an administrative hearing, plaintiff was found guilty of a battery on an inmate with serious bodily injury. A recommendation was made that plaintiff serve a fifteen-month term in a security housing unit. Plaintiff contends that he is not alleging misconduct that would affect the duration of his confinement, but is instead challenging "the conditions of confinement that resulted from the actions of defendants named in this complaint." (Am. Compl. at 4.)

Plaintiff asserts five causes of actions. First, plaintiff claims violation of the Eighth and Fourteen Amendments for violation of his due process rights. In this regard, plaintiff contends that defendant Roman was involved in the investigation of the incident in question, reviewed staff reports of the battery and served as the hearing examiner at plaintiff's disciplinary hearing. Plaintiff attaches to his complaint exhibits which verify that defendant Roman was the senior hearing officer who found plaintiff guilty of the rules violation. (Id., Ex. Director's Level Appeal Decision, dated 11/24/08, at 1) (Doc. No. 9 at 18). Plaintiff was assessed 360-day credit forfeiture and was referred to classification for security housing unit assessment. (Id., Ex. Rules Violation Report, Log No. S08-05-005, at 3) (Doc. No. 9 at 24).

Second, plaintiff claims that in violation of his Eighth and Fourteenth Amendment due process rights, defendant Roman failed "to make any indicia of reliability of those statements contained in the record which Roman used to support his written finding." (Am. Compl. at 5.)

Plaintiff also claims that defendant Roman failed "to meet the preponderance of evidence evidentiary standard dictated in the states [sic] administrative statutes." (Id.) These failures, plaintiff contends, demonstrate deliberate indifference to plaintiff's civil rights.

Third, plaintiff claims that in violation of his right to due process under the Eighth and Fourteen Amendments, defendant Roman "failed to make an independent credibility assessment of the victim" which deprived plaintiff of a fair hearing. (Id. at 6.)

Fourth, plaintiff claims violation of his right to due process under the Eighth and Fourteen Amendments when defendant Doe, a correctional officer, used "coercion and intimidation to have Mallett waive his procedural due process right to an Investigative Employee, prior to the prison disciplinary hearing." (Id. at 7.) However, the exhibits attached to plaintiff's complaint indicate that an investigative employee was not assigned to him because the issues were not complex and because plaintiff waived the assignment of an investigative employee. (Id., Ex. Rules Violation Report, at 2) (Doc. No. 9 at 23).

Fifth, plaintiff claims violation of his right to due process under the Eighth and Fourteenth Amendments when he was denied copies of the victim's medical treatment report. (Am. Compl. at 8.) Plaintiff contends that appeals coordinator Piper refused to produce and disclose the medical report because it was considered to be confidential, and that this refusal prevented plaintiff from "defending and vindicating the charge of causing serious bodily injury." (Id.) Plaintiff also claims that defendant Warden Kathy Prosper approved of Piper's actions and failed to provide proper training for the defendants. (Id. at 9.) Lastly, plaintiff contends "that the policies and customs concerning the classification and detention placement of prisoners was further cause of the plaintiff's deprevation [sic] of civil rights." (Id.)

In conclusion, plaintiff contends that his placement in a security housing unit has caused him "significant or atypical departure from the ordinary instances of prison life." (Id.) Plaintiff also asserts that "the favorable termination rule" does not apply because he is not challenging the length of his confinement. (Id.) In terms of relief, plaintiff seeks damages and "a

4

declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States." (Id. at 10.)

III. Application of Edwards v. Balisok

In Edwards v. Balisok, 520 U.S. 641, 645-46 (1997), the United States Supreme Court held that a claim challenging the procedures used in a prison disciplinary hearing which necessarily imply the invalidity of the deprivation of good-time credits, is not cognizable under § 1983. This bar applies even though the prisoner is claiming a violation of due process rights, rather than challenging the result of the disciplinary hearing decision. Id. at 645. Plaintiff's five causes of action each implicate the invalidity of the disciplinary hearing decision because they challenged the impartiality of the hearing officer, the sufficiency of the evidence used to support the decision, and the alleged interference with plaintiff's ability to present his defense. See Balisok, 520 U.S. at 646-47 (holding that a claim that the prisoner was denied the opportunity to put on a defense and that hearing officer was biased necessarily imply the invalidity of the hearing decision).

In addition, plaintiff's prayer for declaratory relief should be dismissed because he seeks a declaration that the defendants' acts and omissions violated his constitutional rights. Any declaration that defendant Roman was biased, that defendant Roman's decision was based on insufficient or unreliable evidence, that plaintiff's waiver of an investigative employee was coerced, or that defendants interfered with plaintiff's ability to present his defense, would imply the invalidity of the hearing decision and should be dismissed without prejudice. See id. at 648 ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.")

Plaintiff's "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). See also Muhammad v. Close, 540 U.S. 749, 751 (2004) ("[W]here success in a prisoner's §1983 damages action would implicitly question the validity of conviction

5

or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.")

IV.  <u>Non-cognizable Claims</u>

       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

       In his fifth cause of action, plaintiff claims that defendant Warden Prosper failed to properly train the other named defendants.  Plaintiff's claim in this regard is vague and conclusory and fails to state a cognizable claim.  In addition, to the extent that plaintiff is claiming that defendant Prosper is in some way responsible for the actions of other defendants as

it relates to his disciplinary hearing, such a claim would also be barred by Balisok.

Finally, plaintiff's claim that unconstitutional policies and customs affecting the classification and detention placement of prisoners, is not cognizable. A prisoner has no constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Also, a prisoner has no constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

The court concludes that plaintiff cannot cure the noted defects. Granting leave to amend would therefore be futile. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.")

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 20, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.31. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as barred by Edwards v. Balisok, 520 U.S. 641 (1997) and due to plaintiff's failure to state a cognizable claim.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mall2309.56